IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER EDOMWANDE,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:09-CV-1573-K |
| | § | |
| INTERNAL REVENUE SERVICE,<br>　　　　Defendant. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

　　Type of Case: This is a *pro se*, fee paid civil action.

　　Parties: Plaintiff is a resident of Cedar Hill, Texas. Defendant is the Internal Revenue Service (IRS). The court issued process in this case.

　　Statement of the Case: Plaintiff's claims against the IRS are unclear. He states that he filed this action "to appeal the decision reached by the Tax auditor for the year 2005 and 2006." (Compl. at 1). He seeks "what ever [sic] remedies that is [sic] available to him due [to] erroneous Audit by the auditor . . . ." (*Id.*). Plaintiff further states that "[t]his lawsuit is file[d] in [an] attempt to preseve [his] rights under the judicial system [and] to allow time to find amicable resolution to this issue." (*Id.* at 2).

　　The IRS has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), asserting the

court lacks subject matter jurisdiction. Plaintiff has responded to the motion to dismiss. He also filed a motion to quash an IRS summons requesting banking records. The IRS has moved to dismiss the latter motion due to lack of subject matter jurisdiction.

<u>Findings and Conclusions</u>: "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). Plaintiff, as the party invoking federal jurisdiction, bears the burden of demonstrating that jurisdiction is proper. *Id.*

At the outset the court notes that the IRS has no capacity to sue or be sued, and that the United States is the real party in interest in cases involving the IRS. *In re Guardian Trust Co.*, 260 B.R. 404, 408 n. 7 (S.D. Miss. 2000); *Labry v. IRS*, 940 F. Supp. 148, 149 (E.D. La. 1996). To be amenable to suit, the United States must waive its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349 (1980).

The United States has consented to be sued for taxes improperly assessed or collected, *see* 28 U.S.C. § 1346(a)(1), but only if the plaintiff fully pays the taxes assessed and timely files a claim for a refund with the IRS as set forth in 26 U.S.C. § 7422.[1] *Brown v. United States*, 890 F.2d 1329, 1346 (5th Cir. 1989); *Smith v. Booth*, 823 F.2d 94, 97 (5th Cir. 1987); *Mallette Bros. Const. Co v. U.S.*, 695 F.2d 145, 155 (5th Cir. 1983); *Brashear v. United States*, 138 F.Supp.2d 786, 789 (N.D.Tex. 2001); *see also* 26 U.S.C. § 7421 (prohibiting suits to restrain assessment or

---

[1] Section 7422(a) provides in relevant part:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

collection); *Jones v. United States*, 889 F.2d 1448, 1449-50 (5th Cir. 1989) (noting that § 7421 ensures that once a tax has been assessed, the taxpayer has no power to prevent the IRS from collecting it, and that the taxpayer's only recourse is first to pay the tax in full, and then sue for a refund). The timely filing of a refund claim is "a jurisdictional prerequisite to bringing suit." *Comm'r Internal Revenue v. Lundy*, 516 U.S. 235, 240, 116 S.Ct. 647 (1996); accord *Gustin v. U.S. IRS*, 876 F.2d 485, 488 (5th Cir. 1989).[2]

Even when liberally construed, the allegations in Plaintiff's complaint do not show that he has paid the taxes assessed and made any claim for refund or credit with the IRS. He, thus, cannot carry his burden of showing that the court has subject matter jurisdiction over any of his tax related claims under § 7422.[3]

To the extent Plaintiff complains of alleged collection abuses, the court liberally construes his complaint to raise a claim for monetary relief under 26 U.S.C. § 7433. However, that section also requires exhaustion of administrative remedies, a jurisdictional prerequisite to filing a suit. *See* 26 U.S.C. § 7433(d)(1). *Lapaglia v. Richardson*, 68 F.3d 466, 1995 WL 581559, at *1 (5th Cir. Aug. 24, 1995); *Johnson v. U.S. Army*, 3:08cv1810-L, 2008 WL 5205881, *5 (N.D. Tex. 2008) (recommendation adopted).

---

[2] When the IRS issues a final notice and determination of a tax deficiency, the affected taxpayer has a right to appeal to the United States Tax Court (Tax Court). *See* 26 U.S.C. § 6330(d). This option allows taxpayers, who believe the IRS has assessed taxes improperly, to appeal to the Tax Court without have to pay the disputed tax.

[3] In support of the above conclusion, the court notes that Plaintiff's response to the motion to dismiss refers to "a notice of tax deficiency," which purportedly "requested [him] to either pay the amount due or to file a law suit [sic] in the court of law with centain [sic] numbers of days from receiving the notice to protect my right or loose [sic] such rights for ever [sic]." (Pl.'s Resp. at 1). Plaintiff has failed to include a copy of the notice with his response, and the court is unable to determine its relevance, if any, to this case.

The allegations in Plaintiff's pleadings do not show that he has exhausted administrative any remedies available with the IRS. As such, he cannot meet his burden of showing that the court has subject matter jurisdiction over any possible claim under § 7433.

Likewise, the court lacks subject matter jurisdiction over plaintiff's November 23, 2009 motion to quash the IRS summons. On November 3, 2009, the IRS issued a Form 2039 summons to Colonial Bank/BB & T in Hoover, Alabama, in furtherance of an investigation into plaintiff's tax collection liability. (*See* Attach. to Pl.'s Resp.). Even if plaintiff had filed a separate proceeding to quash the IRS Summons, as set out in 26 U.S.C. § 7609(b)(2), jurisdiction to hear and determine such proceeding would rest with "[t]he United States district court for the district within which the person to be summoned resides or is found . . . ." 26 U.S.C. § 7609(h)(1); *see also Masat v. United States*, 745 F.2d 985, 987-88 (5th Cir. 1984) (setting out sound rationale for this limitation of jurisdiction). Here, the summoned party, Colonia Bank in Hoover, Alabama, neither resides nor is found in the Northern District of Texas.[4]

---

[4] In light of this ruling, the court need not address whether plaintiff timely and properly served the IRS as required by 26 U.S.C. § 7609(b)(2)(B).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the United States' motions to dismiss (Doc. #9 and #14) be GRANTED, and that the complaint and plaintiff's motion to quash IRS summons (Doc. #11) be DISMISSED without prejudice for lack of subject matter jurisdiction.

Signed this 17th day of December, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.